## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Hazelden Betty Ford Foundation,
*a Minnesota nonprofit corporation*, and
Elizabeth B. Ford Charitable Trust,

        Plaintiffs,

v.

My Way Betty Ford Klinik GmbH,
*a German entity*,

        Defendant.

Case No. 20-cv-409 (JRT/TNL)

**ORDER**

---

Cara S. Donels, Fredrikson & Byron P.A., 111 East Grand Avenue, Suite 301, Des Moines, IA 50309; and Laura L. Myers, Luke P. de Leon, and Timothy M. O'Shea, Fredrikson & Byron P.A., 60 South Sixth Street, Suite 1500, Minneapolis, MN 55402 (for Plaintiffs); and

Chad A. Snyder and Michael H. Frasier, Rubric Legal LLC, 111 Third Avenue South, Suite 110, Minneapolis, MN 55401; and Jiwon Juliana Yhee, Michael S. Golenson, and Riebana Elisabeth Sachs, Masuda, Funai, Eifert & Mitchell, Ltd., 203 North LaSalle Street, Suite 2500, Chicago, IL 60601 (for Defendant).

---

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs Hazelden Betty Ford Foundation and Elizabeth B. Ford Charitable Trust's (collectively, "Hazelden Betty Ford") Motion to Compel Defendant's Testimony Under Rule 30(b)(6), ECF No. 226.  A hearing was held.  ECF No. 237.  Laura L. Myers and Timothy M. O'Shea appeared on behalf of Hazelden Betty Ford.  Michael S. Golenson and Chad A. Snyder appeared on behalf of Defendant My Way Betty Ford Klinik GmbH ("the Klinik").

1

## II. BACKGROUND

Hazelden Betty Ford seeks to take the deposition of the Klinik under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The Klinik "is a German entity that operates a drug and alcohol treatment facility in Bad Brückenau, Germany."  *Hazelden Betty Ford Found. v. My Way Betty Ford Klinik, GmbH*, No. 20-cv-409 (JRT/TNL), 2021 WL 3711055, at *1 (D. Minn. Aug. 20, 2021); *see also Hazelden Betty Ford Found. v. My Way Betty Ford Klinik, GmbH*, 504 F. Supp. 3d 966, 971 (D. Minn. 2020).  The Court previously ruled that the Klinik's 30(b)(6) deposition will take place in Minneapolis, Minnesota.   Mar. 29, 2023 Ord. [hereinafter "March Order"], ECF No. 172 at 46-47 & n.11, 52-55,[1] *affirmed*, Sept. 28, 2023 Ord. [hereinafter "September Order"], ECF No. 215.   The Klinik has designated Daniel Fuchs, an attorney in Germany who has represented the Klinik since 2012, to testify as its corporate representative.  *See* Decl. of Daniel Fuchs ¶ 6, ECF No. 137.

Hazelden Betty Ford moves for an order compelling the Klinik to prepare adequately its designee and to provide testimony on certain topics to which the Klinik has objected.[2]

## III. ANALYSIS

Hazelden Betty Ford's motion implicates the Court's broad discretion in handling pretrial procedure and discovery.  *See, e.g.*, *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353 (8th Cir. 2020) ("A district court has very wide discretion in handling pretrial

---

[1] The Court uses the pagination generated by the Court's electronic filing system.
[2] Topics 19, 20, 28, and 33 (related to oral communications) are no longer in dispute.  Tr. 34:2-22, ECF No. 240.

2

discovery . . . ." (quotation omitted)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("Further, magistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

### A.  Preparation of the Klinik's Designee

"The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents."  *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996); *accord Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008).  When a party notices the deposition of a corporate entity, the entity must then "designate one or more officers, directors, or managing agents, or . . . other persons who consent to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  "The persons designated must testify about information known or reasonably available to the organization."  *Id.*

"A Rule 30(b)(6) designee is not required to have personal knowledge on the designated subject matter."  *Great Am. Ins. Co.*, 251 F.R.D. at 538; *see Taylor*, 166 F.R.D. at 361 ("Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.").  "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding

answers for the corporation." *Taylor*, 166 F.R.D. at 361.  "The obligation is to make a diligent effort to gather the information known to the organization as a whole, whether that information is in the form of documents or in the memories of the employees who were actually involved in the matters at issue." *Prairie River Home Care, Inc. v. Procura, LLC*, No. 17-cv-5121 (JRT/HB), 2019 WL 13248862, at *19 (D. Minn. Aug. 5, 2019).  Such preparation may include having the designee "review prior fact witness deposition testimony as well as documents and deposition exhibits." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000) (quotation omitted).  It may also include accessing "information held by third-party sources if that information is reasonably available to the organization." *Klein v. Affiliated Grp., Inc.*, No. 18-cv-949 (DWF/ECW), 2019 WL 246768, at *9 (D. Minn. Jan. 17, 2019).  At bottom, "[c]orporations, partnerships, and joint ventures have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Prokosch*, 193 F.R.D. at 638 (quotation omitted); *see also, e.g.*, *Commodity Futures Trading Comm'n v. Svejda*, No. 8:21CV311, 2023 WL 7300620, at *8 (D. Neb. Nov. 6, 2023).

Hazelden Betty Ford moves for an order compelling Fuchs to speak with certain individuals as part of his preparation.  Consistent with the Court's prior order, Hazelden Betty Ford points out that it "is paying the reasonable expenses for [Fuchs] to travel to Minneapolis to testify on [the Klinik's] behalf" and it "should not have to waste money on an unprepared witness."  Pls. Mem. in Supp., ECF No. 228 at 23.  The Klinik contends

that Hazelden Betty Ford "want[s] to dictate and control *how* [it] prepares its corporate designee." Def. Mem. in Opp'n, ECF No. 234 at 12. The Klinik reiterates that its designee "will be prepared to provide testimony about information known or reasonably available to the organization responsive to [Hazelden Betty Ford's] deposition topics," and Hazelden Betty Ford has not "provide[d] any authority to support the proposition that the deposing party has the right to dictate specifically how a corporate designee is to be educated in preparation for the deposition before any deposition has occurred." Def. Mem. in Opp'n, ECF No. 234 at 12-13.

Hazelden Betty Ford's motion is denied as to its request that the Klinik's 30(b)(6) designee be ordered to prepare for the deposition by speaking with certain individuals. The Klinik has committed to producing a 30(b)(6) designee "who has been suitably prepared to respond to questioning" on the noticed topics. *Prokosch*, 193 F.R.D. at 638. The Court will neither dictate how that preparation is to occur nor assume the Klinik intends to shirk its obligations.

That being said, the parties are reminded that "[p]roper preparedness for a Rule 30(b)(6) deposition requires the good faith of *both parties*." *Dapron v. Spire, Inc. Retirement Plans Comm.*, 329 F.R.D. 223, 227 (E.D. Mo. 2019) (emphasis added). "[D]esignees are responsible for information known or reasonably available to the corporation." *Klein*, 2019 WL 246768, at *9 (quotation omitted). "[T]he burden upon the responding party[] to prepare a knowledgeable Rule 30(b)(6) witness[] may be an onerous one," but there is no "less onerous means of assuring that the position of a corporation[] that is involved in litigation[] can be fully and fairly explored." *Prokosch*,

193 F.R.D. at 639. And, it is well established that the failure to provide a knowledgeable witness is sanctionable. *See, e.g.*, *Commodity Futures Trading Commission*, 2023 WL 7300620, at *9; *Prairie River Home Care*, 2019 WL 13248862, at *18; *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 09-cv-1091 (JNE/JSM), 2013 WL 12142579, at *4 (D. Minn. Mar. 20, 2013); *Taylor*, 166 F.R.D. at 363. At the same time, "Rule 30(b)(6) designees need not be perfect." *Klein*, 2019 WL 246768, at *9 (quotation omitted); *see, e.g.*, *Whatley v. Canadian Pac. Ry. Ltd.*, No. 1:16-cv-74, 2022 WL 14145351, at *3 (D. N.D. June 28, 2022) (requiring more than a "mere[] lack[] . . . [of] desired specificity in discrete areas" (quotation omitted)). "[T]he Rule 30(b)(6) deponent is not expected to be clairvoyant, so as to divine the specific questions that could be presented." *Prairie River Home Care*, 2019 WL 13248862, at *17 (quotation omitted).

## B. Topics

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made[, however,] before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Further, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment); *see Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 963 (D.

6

Minn. 2021) ("Beyond being relevant, Rule 26 requires that information sought in discovery also be 'proportional to the needs of the case.'" (quoting Fed. R. Civ. P. 26(b)(1))), *aff'd*, 581 F. Supp. 3d 1122 (D. Minn. 2022). "[A] court can—and must— limit proposed discovery that it determines is not proportional to the needs of the case." *Vallejo*, 903 F.3d at 742 (quotation omitted); *see* Fed. R. Civ. P. 26(b)(2)(C)(iii). Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Vallejo*, 903 F.3d at 742-43.

### 1.  Topics 18, 24, 25 & 33[3]

These topics seek information regarding the Klinik's "marketing and promotion of its addiction treatment services" (Topic 18); "[t]he cost of treatment at or by [the Klinik] for any and all types of addiction treatment services" (Topic 24); "[t]he addiction treatment services offered by [the Klinik] from 2006 to the present" (Topic 25); and the Klinik's "communications regarding [the] Hazelden Betty Ford Foundation, the Betty Ford Center, Mrs. [Betty] Ford, or the addiction treatment model used by [the] Hazelden Betty Ford Foundation or the Betty Ford Center" (Topic 33). Am. Notice, ECF No. 229-7 at 7-9.

The dispute with respect to these topics concerns the applicable timeframe. Hazelden Betty Ford seeks information from 2006 (when the Klinik opened) to the

---

[3] The Court addresses Topic 34 below. *See infra* Section III.B.3.

present.  *See* ECF No. 229-2 at 10.  The Klinik has agreed to provide testimony dating back to 2012.

Hazelden Betty Ford asserts that information dating back to 2006 is relevant because the Klinik has "assert[ed] various delay-based affirmative defenses premised on the idea that it has been openly using 'Betty Ford' since 2006 and Hazelden[ Betty Ford]'s predecessor, the Betty Ford Center, should have taken action against [the Klinik] before 2012."  Pls. Mem. in Supp., ECF No. 228 at 24; *see, e.g.*, ECF No. 40 at 18-19 (asserting affirmative defenses of unclean hands, waiver, laches, and/or estoppel).  Hazelden Betty Ford points to the Klinik's responses to interrogatories seeking the factual bases for these affirmative defenses, noting, for example, that the Klinik contends its use of the marks "was open and obvious"; it acted "[i]n reliance on [the] Betty Ford Center's silence"; the instant action was "contrary to the fifteen-plus-year record of allowing [the Klinik] and others to use trademarks, trade names and domain names that include the words 'Betty' and 'Ford'"; and Hazelden Betty Ford "simply slept on any claims it might possess—soundly—for fifteen years to [the Klinik's] detriment."  ECF No. 229-2 at 10, 11, 13, 18; *see also* ECF No. 229-2 at 12 ("neither [the] Betty Ford Center nor Hazelden ever took any action against the licensed trademarks and domain names over many years" despite being provided "with full information on those trademarks and domain names"); *see generally* ECF No. 229-2 at 10-19.  Hazelden Betty Ford asserts that the Klinik "cannot have it both ways—it cannot assert that Hazelden[ Betty Ford]'s claims are barred because the Betty Ford Center did not act prior to 2012, but refuse to testify regarding its service offerings and activities in connection with 'Betty

Ford' before 2012." Pls. Mem. in Supp., ECF No. 228 at 25. According to Hazelden Betty Ford, the Klinik should either provide complete testimony "dating back to 2006" or be prevented "from asserting any affirmative defenses that rely on alleged pre-2012 activities or inaction." Pls. Mem. in Supp., ECF No. 228 at 25.

The Klinik reiterates that it is willing to "provide testimony dating back to 2012." Def. Mem. in Opp'n, ECF No. 234 at 3; *accord* Def. Mem. in Opp'n, ECF No. 234 at 28. The Klinik also states that it is willing "to withdraw its affirmative defenses to the extent they allege that [Hazelden Betty Ford] should have known it had an actionable claim against [the Klinik] prior to 2012." Def. Mem. in Opp'n, ECF No. 234 at 3; *accord* Def. Mem. in Opp'n, ECF No. 234 at 28. The Klinik is not, however, willing to "withdraw" and in fact "expressly reserves" "the right to rely on all facts, evidence, information, and discovery produced in the case regarding events that occurred prior to 2012 for any purpose, including, but not limited to establishing [Hazelden Betty Ford's] knowledge of [the Klinik], [its] knowledge of others' uses of 'Betty Ford,' and [its] enforcement (or lack thereof) of its trademark rights against others." Def. Mem. in Opp'n, ECF No. 234 at 4; *accord* Def. Mem. in Opp'n, ECF No. 234 at 28.

The Klinik's proposal is unworkable. Essentially, the Klinik wants to reserve the right to rely on information pre-dating 2012 for any purpose, but prevent Hazelden Betty Ford from inquiring into that information. Hazelden Betty Ford's motion is granted with respect to Topics 18, 24, 25, and 33, and the Klinik shall provide testimony on these

topics dating back to 2006.[4]

### 2. Topics 7 & 23

Topic 7 seeks information regarding "[a]ny valuations of [the Klinik's] current trademark registrations" related to use of the "Betty Ford" mark "and the bases therefor." Am. Notice, ECF No. 229-7 at 6.  Topic 23 seeks information regarding the Klinik's "business, sales, and marketing plans and forecasts."  Am. Notice, ECF No. 229-7 at 8.

In late June 2023, while this litigation was pending, the Supreme Court handed down its decision in *Abitron Austria GmbH v. Hetronic International, Inc.*, 600 U.S. 412 (2023).  In *Abitron*, the Supreme Court held that, "when a Lanham Act claim 'involves both domestic and foreign activity, the question is whether the conduct relevant to the statute's focus occurred in the United States.  If that conduct occurred in the United States, then the case involves a permissible domestic application of the statute even if other conduct occurred abroad.'"  September Order, ECF No. 215 at 20 (quoting 600 U.S. at 424 (quotations and citations omitted)).  "But if the conduct relevant to the focus occurred in a foreign country, then the case involves an impermissible extraterritorial application regardless of any other conduct that occurred in U.S. territory."  *Abitron*, 600 U.S. at 424 (quotation omitted); *accord* September Order, ECF No. 215 at 20.  As the district court previously observed, "*Abitron* is certainly relevant to this case" and "will be highly pertinent" at summary judgment.  September Order, ECF No. 215 at 19, 21.

Hazelden Betty Ford moves to compel testimony on Topics 7 and 23 without limiting such testimony to the United States.  The Klinik counters that, under *Abitron*,

---

[4] Again, *see infra* Section III.B.3 & n.6 with respect to Topic 34.

"information regarding [the Klinik's] foreign trademark registrations and plans/forecasts for activities in foreign countries are beyond the reach of Lanham Act claims and therefore are not relevant to the case."  Def. Mem. in Opp'n, ECF No. 234 at 19.  Accordingly, the Klinik seeks to limit Topic 7 "to trademark registrations in the United States" and Topic 23 to "plans and forecasts for the United States."  Def. Mem. in Opp'n, ECF No. 234 at 16-17.

As reflected in the Klinik's interrogatory answers describing the factual bases for its affirmative defenses, the Klinik contends that it "continued operations under its licensed trademarks, trade name, and domain names [that incorporate the challenged 'Betty Ford' mark], building and developing substantial goodwill, equity, and recognition," "[i]n reliance on [the] Betty Ford Center's silence."  ECF No. 229-2 at 11; *accord* ECF No. 229-2 at 15.  Additionally, "[b]ased on the long history of inaction and acquiesce and even affirmative actions," the Klinik contends that it paid €1.1 million "for ownership of trademarks and domain names that included the words 'Betty' and 'Ford' in 2015."  ECF No. 229-2 at 11; *accord* ECF No. 229-2 at 17.  The Klinik "then continued its operations, including acquiring additional trademarks and domain names around the world" without objection by Hazelden Betty Ford.  ECF No. 229-2 at 13; *accord* ECF No. 229-2 at 17.  According to the Klinik, Hazelden Betty Ford's "inaction will cause [the Klinik] to suffer undue prejudice in that it continued its operations, building goodwill and an excellent reputation associated with its registered trademarks, trade name and domain names," and "spent substantial sums acquiring full ownership of various marks and domain names and in registering various trademarks and domain names in various

jurisdictions around the world."  ECF No. 229-2 at 18.

At the hearing, the Klinik argued that it did not object to providing testimony regarding the valuation of the marks that were purchased in 2015, but did not see the relevance of the value of its current marks outside of the United States.  *See* Tr. 50:9-19. As set forth above, however, the Klinik's affirmative defenses are not just based on the value of those marks purchased in 2015 that include the challenged "Betty Ford" mark, but are also based on the existing, current value of its marks.  Information regarding the value of the Klinik's marks that incorporate the challenged "Betty Ford" mark is therefore relevant to the Klinik's defenses and subject to discovery by Hazelden Betty Ford.  *See* Fed. R. Civ. P. 26(b)(1).  Whether and to what extent such evidence may ultimately be admissible in the future in light of *Abitron* does not limit the scope of discovery.  *See id.* ("Information within the scope of discovery need not be admissible in evidence to be discoverable."); *see also Rockwell Automation, Inc. v. Parcop S.R.L.*, No. CV 21-1238-GBW-JLH, 2023 WL 4585952, at *2 (D. Del. July 18, 2023) (noting *Abitron* "did not address the type of evidence a trademark owner may introduce to show the alleged infringing 'use in commerce' occurred in the United States" and "the Supreme Court d[id] not cite to the Federal Rules of Evidence in its opinion, nor was the question of admissibility of evidence of foreign conduct in support of Lanham Act claims before [it]").

With respect to the Klinik's business plans, Hazelden Betty Ford explained at the hearing that it was not interested in "business plans to open a location in Berlin, or, you know, attend conferences in . . . Sweden" and was "not going to ask about that."  Tr.

38:1-4.  Rather, Hazelden Betty Ford was seeking information "about business sales and marketing plans and forecasts relating to conduct that enters U.S. commerce or has the capacity to enter U.S. commerce."  Tr. 38:4-7.  The Klinik responded that, "to the extent that [it has] plans of entering U.S. commerce, [it is] willing to provide that [information]," but whether something has "the capacity to enter U.S. commerce" is really no limitation at all.   Tr. 51:2-13.

Fundamentally, the Klinik argues that "there is no conceivable theory under which testimony . . . [related to its business plans] . . . for activities in *foreign* countries (*i.e.*, outside the United States) could shed light on domestic activity."  Def. Mem. in Opp'n, ECF No. 234 at 19.   But, as Hazelden Betty Ford points out, "the relevant analysis is not that simple or conclusive."  Pls. Mem. in Supp., ECF No. 228 at 28.  As the district court previously noted, there is evidence that the Klinik has treated U.S. patients, evidence which "may serve as circumstantial evidence that the Klinik has used advertising and promotional materials to reach American patients."  September Order, ECF No. 215 at 21.  And, in *Rockwell Automation*, the plaintiff was permitted to introduce evidence of a defendant's infringing foreign sales as circumstantial evidence that the defendant had made infringing sales in the United States.  2023 WL 4585952, at \*3.

Ultimately, the Klinik's "arguments presume that [it] possess[es] the unilateral ability to dictate the scope of discovery based on [its] own view of the parties' respective theories of the case."  *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014).  The Klinik does not dispute that evidence regarding its business, sales, and marketing plans and forecasts related to activity that enters United States commerce is

13

discoverable.   While the focus of Hazelden Betty Ford's Lanham Act claims must ultimately be based on domestic conduct under *Abitron*, *see* 600 U.S. at 424-25, the Klinik's foreign business activities may serve as circumstantial evidence of how those activities enter United States commerce.   "[F]oreign evidence may still shed light on domestic activity."   September Order, ECF No. 215 at 20.   Again, whether and to what extent this evidence may be admissible in the future does not limit the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1); *Rockwell Automation*, 2023 WL 4585952, at *2.   The precise contours of how any responsive information may ultimately be used and the weight of such evidence are better answered with a more fully developed factual record and on the merits.

Therefore, Hazelden Betty Ford's motion is granted with respect to Topics 7 and 23.

### 3.  Topics 28, 29, 31 & 34

Generally speaking, these topics relate to the Klinik's online and media activities. Topic 28 seeks information regarding "references to the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford in [the Klinik's] documents, communications, website, promotional materials, social media, and media coverage."   Am. Notice, ECF No. 229-7 at 8.   Topic 29 seeks information regarding "[t]he content and use of [the Klinik's] website from 2006 to the present."   Am. Notice, ECF No. 229-7 at 8.   Topic 31 seeks information regarding "[t]he content and use of [the Klinik's] social media accounts from inception to the present."   Am. Notice, ECF No. 229-7 at 9.   Topic 34 seeks information regarding "[t]he content of [the Klinik's] media interviews."   Am.

Notice, ECF No. 229-7 at 9.

Relying again on *Abitron*, the Klinik seeks to limit these topics to content in the English language. The Klinik argues that because "German is not an official language in the United States[,] . . . [Hazelden Betty Ford] cannot legitimately argue that German language content is intended for a U.S. audience" or "plausibly claim that [its] German-language content evidences, in any way, [the Klinik's] use of the trademark in U.S. commerce." Def. Mem. in Opp'n, ECF No. 234 at 20.

The Court will not impose the English-language restriction proposed by the Klinik. The Court is sympathetic to the Klinik's argument that, standing alone, the mere fact that a website can be translated into English by third party could well "eviscerate the extraterritorial limitations on the Lanham Act set forth by the Supreme Court in *Abitron*." Def. Mem. in Opp'n, ECF No. 234 at 21. But, at the same time, the Klinik's argument that *anything* in German is no longer relevant in light of *Abitron* is akin to the argument previously rejected by the district court in connection with its patient files. "[I]t matters not for the purpose of discovery which side's theory of the case might ultimately be proven correct. What matters is that each side is entitled to pursue intelligible theories of the case and [Defendant] cannot, by [its] sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit into [its] own theory of the case." *Sentis Grp.*, 763 F.3d at 926. Again, *Abitron* "did not address the type of evidence a trademark owner may introduce to show the alleged infringing 'use in commerce' occurred in the United States." *Rockwell Automation*, 2023 WL 4585952, at *2. Hazelden Betty Ford is entitled to discovery regarding the Klinik's references to the Hazelden Betty Ford

15

Foundation, the Betty Ford Center, and Mrs. Ford in its documents, communications, website, promotional materials, social media, and media interviews as such information goes to the heart of Hazelden Betty Ford's claims and issues related to the likelihood of confusion and perceived affiliation. The Klinik is certainly free, as Hazelden Betty Ford points out, "to make arguments regarding the weight of evidence in other languages" at a later stage in this litigation. Pls. Mem. in Supp., ECF No. 228 at 29-30.

As for the subject matter of Topics 28, 29, 31, and 34, Hazelden Betty Ford's motion is granted in part with respect to these topics to responsive content that references the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford. Beginning with Topic 28, this topic seeks testimony regarding "[r]eferences to [the] Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford." Am. Notice, ECF No. 229-7 at 8. The Klinik states that it is willing to provide testimony "regarding materials that *directly mention* [the] Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Betty Ford." Def. Mem. in Opp'n, ECF No. 234 at 21 (quotation omitted) (emphasis added). Hazelden Betty Ford asserts that the Klinik has engaged in "slyer transgressions [that] are equally actionable and discoverable" and requiring a "specific[] reference [to the] Hazelden Betty Ford Foundation, [the] Betty Ford Center, or Mrs. Ford by name is unfairly restrictive and designed to shield relevant information from discovery." Pls. Mem. in Supp., ECF No. 228 at 30.

Hazelden Betty Ford cannot now be heard to complain that compelling the Klinik to provide testimony on Topic 28 as written is somehow "unfairly restrictive." Pls. Mem. in Supp., ECF No. 228 at 30. Hazelden Betty Ford would have the Court compel the

Klinik to provide testimony regarding references to the Hazelden Betty Ford Foundation, the Betty Ford Center, and Mrs. Ford in its documents, communications, website, promotional materials, social media, and media coverage without requiring that there be a "precise reference[]" to these entities or Mrs. Ford.  Pls. Mem. in Supp., ECF No. 228 at 33.  Rule 30(b)(6), however, requires that the topics for examination be "describe[d] with reasonable particularity."  How is the Klinik to prepare its designee to testify about references to the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford if such entities or Mrs. Ford are not in fact referred to?[5]  Even the purported "slyer transgression[]" given as an example by Hazelden Betty Ford specifically references "Betty Ford" thereby referring to Mrs. Ford by name.  *See* Pls. Mem. in Supp., ECF No. 228 at 30.

Hazelden Betty Ford's motion is therefore granted in part to the extent that the Klinik shall provide testimony on Topic 28 as written and with respect to references to the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford in the Klinik's documents, communications, website, promotional materials, social media, and media coverage.  The Court is loathed to engage in semantical line-drawing between a "reference" and a "direct mention" of these entities or Mrs. Ford.  As discussed below, the Klinik itself has proposed a "reference" limitation on Topics 29, 31, and 34.  The Court sees no reason why Topic 28 should be drawn more narrowly to require "direct mention" of the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford

---

[5] In this vein, Topic 28 as well as Topics 29, 31, and 34 as limited herein are different in kind than Topic 35, *see infra* Section III.B.4, which seeks testimony regarding a different type of mention.

when the Klinik itself advocates for a "reference" limitation in a similar context and with respect to related subject matter.

In their current form, Topics 29, 31, and 34 seek testimony on all content from the Klinik's inception to the present regarding its website, social media, and media interviews without limitation.  The Klinik contends that content that "does not refer to [Hazelden Betty Ford] is in no way relevant to the claims in this case."  Def. Mem. in Opp'n, ECF No. 234 at 22.  The Klinik proposes "limiting [its] testimony on Topics 29, 31, and 34 to that which refers to [the] Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Betty Ford . . . to exclude irrelevant content."  Def. Mem. in Opp'n, ECF No. 234 at 22.  The Court agrees with the Klinik that Topics 29, 31, and 34 are overly broad as written and not sufficiently tailored to the issues at stake in this litigation. Accordingly, the Court will narrow these topics to testimony regarding responsive content that, like Topic 28, refers to the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford.[6]

Having limited Topics 28, 29, 31, and 34 to references to the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford, the Court will not further limit the scope of the testimony on these topics to the documents that have been produced in this litigation.  As stated above, Rule 30(b)(6) testimony represents information known to the organization as a whole.  The Klinik is obligated to prepare its designee to fully and unevasively answer questions about and testify regarding organizational knowledge of

---

[6] For the reasons stated above, the Klinik shall provide testimony on Topic 34 dating back to 2006.  *See supra* Section III.B.1.  (The temporal scope of Topics 28, 29, and 31 is not at issue.)

references to the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford regardless of the production in this case.

In sum, Hazelden Betty Ford's motion is granted in part with respect to Topics 28, 29, 31, and 34 to responsive content that references the Hazelden Betty Ford Foundation, the Betty Ford Center, or Mrs. Ford without regard to language or prior production, and is otherwise denied.

### 4.  Topic 35

Topic 35 seeks information regarding "any instances in which any third-party has stated, implied, or indicated to [the Klinik] that the third-party believed there was some kind of relationship, connection, affiliation or sponsorship between [the Klinik], Hazelden Betty Ford, and/or the Betty Ford Center."  Am. Notice, ECF No. 229-7 at 9. The Amended Notice uses "Hazelden Betty Ford" to collectively refer to the "Hazelden Betty Ford Foundation and [the] Elizabeth B. Ford Charitable Trust."  Am. Notice, ECF No. 229-7 at 5.

The Klinik has "agreed to provide testimony about any instances in which a third-party has 'mentioned Hazelden Betty Ford or the Betty Ford Center.'"  Def. Mem. in Opp'n, ECF No. 234 at 24.  The Klinik objects to Topic 35 to the extent Hazelden Betty Ford is seeking testimony regarding "other, unspecified entities" and on vagueness grounds to the extent it seeks "testimony about implications and indications."  Def. Mem. in Opp'n, ECF No. 234 at 25.  Hazelden Betty Ford counters that actual confusion regarding a perceived connection can exist in forms other than specifically referencing the Hazelden Betty Ford entities by name, citing a patient review in which Mrs. Ford was

19

referenced.[7]

Hazelden Betty Ford's motion is granted with respect to Topic 35 as it seeks with reasonable particularity evidence of perceived connections between the Klinik and the Hazelden Betty Ford entities. The Klinik's proposal that there be an *express* reference to the Hazelden Betty Ford entities—i.e., that the Hazelden Betty Ford Foundation, the Elizabeth B. Ford Charitable Trust, or the Betty Ford Center be named directly—takes an overly restrictive view of how third parties might communicate a belief that there exists some sort of connection between the Klinik and these entities. Further, the use of "implied" and "indicated" reasonably covers those instances in which a third party has articulated in some manner other than by directly naming one of the Hazelden Betty Ford entities a perceived connection between the Klinik and these entities

## C. Timing

Initially, Hazelden Betty Ford sought to have the 30(b)(6) deposition take place within ten days of the ruling on the instant motion. At the hearing, Hazelden Betty Ford was agreeable to the Klinik's proposal that the 30(b)(6) deposition take place within 30 days of the ruling on the instant motion. Tr. 47:9-11. Consistent with the parties' agreement, the Klinik's 30(b)(6) deposition shall take place within 30 days from the date of this Order.[8]

## D. Meet & Confer Regarding Schedule

This Court previously stayed certain deadlines in the Fourth Amended Pretrial

---

[7] The exhibit cited in Hazelden Betty Ford's memorandum is incorrect. At the hearing, Hazelden Betty Ford clarified that the correct exhibit is ECF No. 64-1. Tr. 43:19-45:15.

[8] In the event an objection is made to this Order, the deposition shall take place within 30 days from the date of the ruling thereon unless otherwise directed by the district judge.

Scheduling Order pending resolution of this motion. *See generally* ECF No. 245. The Court will extend the prior February 29, 2024 fact discovery deadline solely with respect to the taking of the Klinik's 30(b)(6) deposition as outlined herein. The Court will also extend the February 29, 2024 non-dispositive motion deadline solely with respect to any motions related to the Klinik's 30(b)(6) deposition to 30 days after the completion of that deposition.

With these parameters and consistent with the Court's prior Order, on or before May 31, 2024,[9] the parties shall meet and confer and file a proposed stipulated amended pretrial scheduling order with revised dates for the Court's review to include deadlines for Hazelden Betty Ford's expert report; the Klinik's rebuttal expert report; the completion of expert discovery, including non-dispositive motions related to expert discovery; dispositive motions; and this case being trial-ready. *See* ECF No. 245 at 1-2.

**E. Fees**

Rule 37 provides for expenses in connection with a motion to compel under certain circumstances. *See generally* Fed. R. Civ. P. 37(a)(5). Hazelden Betty Ford's motion has been granted in part and denied in part. As such, the Court may—but is not required to—"apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). It is this Court's view that any award of attorney fees and costs in connection with this motion would have little if any positive effect, and would serve only to embolden further the recipient party, entrench the parties in their respective positions,

---

[9] The Court has provided additional time beyond the seven days stated in the prior Order due to the upcoming Memorial Day holiday. *See* ECF No. 245 at 2.

and increase the costs of this litigation, making an award of fees unjust under the circumstances. Accordingly, each party shall bear its own costs and attorney fees in connection with this motion.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Hazelden Betty Ford's Motion to Compel Defendant's Testimony Under Rule 30(b)(6), ECF No. 226, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. **On or before May 31, 2024**, the parties shall have met and conferred and filed a proposed stipulated amended pretrial scheduling order with revised dates for the Court's review to include deadlines for Hazelden Betty Ford's expert report; the Klinik's rebuttal expert report; the completion of expert discovery, including non-dispositive motions related to expert discovery; dispositive motions; and this case being trial-ready

3. Each party shall bear its own costs and attorney fees in connection with this motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

4. All prior consistent orders remain in full force and effect.

[Continued on next page.]

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: May   20   , 2024

_____s/ Tony N. Leung_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hazelden Betty Ford Foundation et al. v.*
*My Way Betty Ford Klinik GmbH*
Case No. 20-cv-409 (JRT/TNL)